UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FISHER-CAL INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | Civil Action No. 11-791  (BAH) <br> Judge Beryl A. Howell |

**MEMORANDUM OPINION**

On July 30, 2011, the U.S. Air Force determined that it would not renew plaintiff Fisher-Cal Industries' contract to perform certain multimedia services at Dover Air Force Base, instead choosing to "convert to in-house" the services performed by the plaintiff "based upon anticipated savings."  Defs.' Mot. Dismiss, ECF No. 6, Ex. 1.  Following the expiration of the plaintiff's contract, the plaintiff initiated the instant lawsuit against the United States, the U.S. Department of Defense, and the U.S. Air Force, alleging that the defendants' insourcing decision was unlawful because it violated federal statutes and implementing guidelines and procedures.  The defendants' have moved to dismiss the Complaint on grounds that the Court lacks subject matter jurisdiction.  As explained below, the Court agrees and the Complaint is dismissed.

**I.   BACKGROUND**

On July 6, 2009, the U.S. Air Force issued a Request for Proposal to acquire multimedia services at Dover Air Force Base in Delaware.  Compl. ¶¶ 10-11.  Plaintiff Fisher-Cal Industries, Inc., a New Jersey corporation, bid for and ultimately obtained the contract on September 15, 2009.  *Id.* ¶ 13.

The contract between the Air Force and the plaintiff provided for one base year of services, from October 1, 2009 to September 30, 2010, with four optional one-year extensions. *Id.* ¶ 12. On July 30, 2010, approximately nine months into the base year of the contract, the Air Force notified the plaintiff that it had decided to insource the multimedia services and would not be exercising its option to renew the contract for Fiscal Year 2011. *Id.* ¶¶ 14-16; Defs.' Mot. Dismiss, ECF No. 6, Ex. 1. The Air Force, however, continued to use the plaintiff's services under a bridge contract for an additional six months after the base contract year expired, until March 31, 2011. *Id.* ¶ 14. After March 31, 2011, the Air Force began to perform in-house the multimedia services that the plaintiff had previously provided. *Id.*

On April 26, 2011, the plaintiff filed a Complaint in this Court against the United States, the U.S. Department of Defense, and the U.S. Air Force, alleging that the defendants' "[i]n-sourcing [d]ecision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* ¶ 30. Specifically, the plaintiff contends that the defendants' decision to insource the services covered by the contract was unlawful because it failed to comply with 10 U.S.C. §129a – which requires the defendants to use "the least costly form of personnel consistent with military requirements and other needs of the Department" – and violated "various implementing guidelines and procedures" promulgated in accordance with 10 U.S.C. § 2463.[1] Pl.'s Opp'n Mot. Dismiss, ECF No. 8, at 2; *see* Compl. ¶¶ 15-53. The plaintiff seeks, *inter alia*, declaratory judgment that the defendants' insourcing decision is unlawful, in violation of the Administrative

---

[1] 10 U.S.C. § 2463 directs the Department of Defense to, *inter alia*, "devise and implement guidelines and procedures to ensure that consideration is given to using, on a regular basis, Department of Defense civilian employees to perform new functions and functions that are performed by contractors and could be performed by Department of Defense civilian employees." The statute further provides that "[t]he Secretary of a military department may prescribe supplemental regulations, if the Secretary determines such regulations are necessary for implementing such guidelines within that military department."

2

Procedures Act ("APA"), and injunctive relief setting aside the agency action, as well as attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *Id.* ¶¶ 54-65.

On August 5, 2011, the defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6), arguing that the Court lacks subject matter jurisdiction over the plaintiff's claims because the Court of Federal Claims has exclusive jurisdiction over matters related to federal procurement, and additionally that the case is moot because the insourcing has already taken place and there is no possible relief for plaintiff. Defs.' Mem. Supp. Mot. Dismiss, ECF No. 6. This motion is pending before the Court.

As explained below, the Tucker Act and the Administrative Disputes Resolution Act of 1996 ("ADRA") confer exclusive jurisdiction over matters related to procurement of federal contracts to the Court of Federal Claims, and this Court therefore lacks subject matter jurisdiction over the Complaint. Accordingly, defendants' motion to dismiss is GRANTED.

## II.     STANDARD OF REVIEW

On a motion to dismiss for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Mostofi v. Napolitano*, No. 11-cv-727, 2012 U.S. Dist. LEXIS 9563, at *4 (D.D.C. Jan. 27, 2012) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)); *Ki Sun Kim v. United States*, No. 08-cv-1660, 2012 U.S. Dist. LEXIS 2094, at *8 (D.D.C. Jan. 9, 2012). As the Supreme Court has explained "many times," the "district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)) (internal citations omitted); *see also Micei Int'l v. DOC*, 613 F.3d 1147, 1151 (D.C. Cir. 2010) ("[T]wo

things are necessary to create jurisdiction in an Article III tribunal other than the Supreme Court . . . The Constitution must have given to the court the capacity to take it, *and an act of Congress must have supplied it*.") (internal citations and quotation marks omitted).  For this reason, a "federal district court's initial obligation is to ascertain its subject matter jurisdiction." *Malyutin v. Rice*, 677 F. Supp. 2d 43, 45 (D.D.C. 2009), *aff'd*, No. 10-5015, 2010 U.S. App. LEXIS 13869 (D.C. Cir. July 6, 2010).  When a court lacks subject matter jurisdiction, it must dismiss the case. *See Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 48 (D.D.C. 2011); *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 62 (D.D.C. 2007).

The Court must be assured that it is acting within the scope of its jurisdictional authority and therefore must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *See Macharia v. United States*, 334 F.3d 61, 64 (D.C. Cir. 2003); *Westberg v. FDIC*, 759 F. Supp. 2d 38, 41 n.1 (D.D.C. 2011); *Dubois v. Wash. Mut. Bank*, No. 09-cv-2176, 2010 WL 3463368, at *2 (D.D.C. Sept. 3, 2010); *Hoffman v. District of Columbia*, 643 F. Supp. 2d 132, 135 (D.D.C. 2009).  In this respect, it is "the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence." *Sai v. Clinton*, 778 F. Supp. 2d 1, 5 (D.D.C. 20011) (quoting *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000)).  In deciding whether to grant a motion to dismiss for lack of jurisdiction, "the district court may consider materials outside the pleadings" but "must still accept all of the factual allegations in the complaint as true." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (citing *Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir. 1992) and *United States v. Gaubert*, 499 U.S. 315, 327 (1991)); *see also Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (noting that courts may consider materials outside

the pleadings in ruling on a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction); *Citizens for Responsibility & Ethics in Wash. v. FEC*, No. 11-cv-951, 2011 U.S. Dist. LEXIS 149672, at *6 (D.D.C. Dec. 30, 2011). The court, however, "need not accept as true a legal conclusion couched as a factual allegation, nor inferences that are unsupported by the facts set out in the complaint." *Mostofi*, No. 11-cv-0727, 2012 U.S. Dist. LEXIS 9563, at *5 (citations and quotation marks omitted).

### III.   DISCUSSION

The Complaint alleges that the plaintiff "solely challenges Defendants' compliance with their own guidelines and procedures regarding the decision to insource." Compl. ¶ 4 (emphasis in original). According to the plaintiff, the defendants' decision to insource the multimedia services at Dover AFB was not "based upon economic analysis" as to the "most cost effective provider," which, if properly conducted, would "reveal[] that a private contractor (such as Plaintiff) is the most cost effective provider." *Id*. ¶ 36.

The defendants assert that the Court lacks subject matter jurisdiction over these allegations because they relate to procurement of a federal contract, over which the Court of Federal Claims has exclusive jurisdiction. Specifically, the Tucker Act, 28 U.S.C. § 1491, as amended by the ADRA, provides that:

> Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b)(1). The ADRA, however, provided for a sunset provision regarding the concurrent jurisdiction of the district courts. Pub. L. No. 104-320. Pursuant to Section 12(d) of the ADRA, the jurisdiction of district courts expired on January 1, 2001. Since that date, only

the Court of Federal Claims has jurisdiction over cases "in connection with a procurement or a proposed procurement."

The plaintiff argues that its claims fall outside the scope of 28 U.S.C. §1491(b)(1) because "the Government's decision to perform the services through internal resources . . . does not fall within the definition of procurement."  Pl.'s Opp'n Mot. Dismiss, ECF No. 8, at 3.  It asserts that insourcing "concerns a nonprocurement of services" and "thus there is no procurement or proposed procurement . . . for which an alleged violation of statute or regulation may be considered 'in connection with.'"  Pl.'s Opp'n Mot. Dismiss, ECF No. 8, at 3.  The Court disagrees with this contention and holds, consistent with other courts both in and outside this jurisdiction, the Federal Circuit, and the Court of Federal Claims, that an agency's decision to insource is "in connection with a procurement" under the Tucker Act, and, consequently, that this Court is without subject matter jurisdiction to hear this Complaint.

### A. The Defendants' Decision to Insource Services is a Matter "in Connection with" Procurement

While the Tucker Act does not define "procurement," the relevant definition of the term is provided in 41 U.S.C. § 111.  *Distributed Solutions, Inc. v. United States*, 539 F.3d 1340, 1345 (Fed. Cir. 2008) (stating that definition of 'procurement' in 41 U.S.C. § 403(2), which has since been reorganized as 41 U.S.C. § 111, should be used to interpret the Tucker Act).  This statute states that 'procurement' includes "all stages of the process of acquiring property or services, beginning with the process for determining a need for property or services and ending with contract completion and closeout."

The plaintiff argues that §111 "indicates that the term procurement centers on 'the process of acquiring property or services'" and "[t]he 'process of acquiring' does not extend to 'not acquiring' the services."  Pl.'s Opp'n Mot. Dismiss, ECF No. 8, at 8.  The plaintiff contends

that insourcing of services "is an act to not acquire, which runs contrary to the ordinary meaning of the term 'acquiring.'" *Id.*

The plaintiff's reading of §111 and its understanding of the scope of "procurement" under 28 U.S.C. §1491(b)(1) is incorrect. The definition of procurement in § 111 includes the process of "determining a need for property or services." As numerous other courts, including the Fifth, Eleventh, and Federal Circuits, have noted, insourcing necessarily involves "determining a need for property or services" and whether there was a need to perform such functions through private contractors. *See Rothe Dev., Inc. v. U.S. Dep't of Defense*, 666 F.3d 336, 339 (5th Cir. 2011) (holding that the plaintiff's challenge to the defendants' insourcing decision fell within the scope of 28 U.S.C. §1491(b)(1) because the definition of 'procurement' "includes the process for *determining a need for services,* which by necessity includes the choice to *refrain* from obtaining outside services.") (emphasis in original); *Vero Technical Support, Inc. v. U.S. Dep't of Defense*, 437 F. App'x. 766, 769-70 (11th Cir. 2011) (holding that challenge to insourcing decision fell within the scope of 28 U.S.C. §1491(b)(1) and explaining that "[b]ecause the decision to insource a government contract involves the process of 'determining a need for property or services,' . . . that decision occurs 'in connection with a procurement or a proposed procurement' under the Tucker Act."); *see also Distributed Solutions, Inc. v. U.S. Dep't of Defense*, 539 F.3d 1340, 1346 (Fed. Cir. 2008) ("[T]he phrase, 'in connection with a procurement or proposed procurement,' by definition involves a connection with any stage of the federal contracting acquisition process, including 'the process for determining a need for property or services.'"). This conclusion has also been reached by other courts in this jurisdiction as well as the Court of Federal Claims. *See Labat-Anderson Inc. v. United States*, 346 F. Supp. 2d 145, 153-54 (D.D.C 2004) (holding that a decision to insource services was a

matter in connection with procurement); *Santa Barbara Applied Research Inc. v. United States*, 98 Fed. Cl. 536, 543 (Fed. Cl. 2011) (holding that "the Air Force's decision to insource the work [the plaintiff] had been performing at four Air Force bases and continues to perform at five other locations is a decision that was made 'in connection with a procurement'"); *Labat-Anderson, Inc. v. United States*, 65 Fed. Cl. 570, 574 (Fed. Cl. 2005) (agreeing with the district court that the challenge to an insourcing decision, "[a]lthough . . . not a review of a solicitation or award, [] is a challenge to an 'alleged violation of statute or regulation in connection with a procurement . . . .'"); *see also Harris Enters., Inc. v. U.S. Dep't of Defense*, No. 10-cv-573, (W.D. Tex. Oct. 12, 2010) (unpublished) ("While insourcing in and of itself may not involve the procurement of goods or services, a decision whether or not to insource involves the process for determining a need for acquisition of property or services and, consequently, involves a 'procurement' or a 'proposed procurement' regardless of whether property or services are actually procured."); *cf. K-Mar Indus. v. U.S. Dep't of Defense*, 752 F. Supp. 2d 1207, 1212 (W.D. Okla. 2010). The plaintiff's instant legal challenge contests precisely this aspect of the procurement process: namely, that the defendants failed to comply with federal statutes and guidelines when determining the need and cost-savings associated with insourcing multimedia services. These allegations are therefore within the scope of 28 U.S.C. §1491(b)(1).

Despite the broad language of § 111 and decisions by numerous other courts holding that challenges to insourcing decisions are governed by 28 U.S.C. §1491(b)(1), the plaintiff relies on *Resource Conservation Group v. United States*, 597 F.3d 1238 (Fed. Cir. 2010) ("*RCG*"), for the proposition that insourcing is a nonprocurement decision that "cannot be characterized as a 'process of acquiring property or services.'" Pl.'s Opp'n Mot. Dismiss, ECF No. 8, at 10. In *RCG*, the plaintiff challenged the government's decision to lease property to a third party. The

Federal Circuit held that the plaintiff's claims did not fall within 28 U.S.C. § 1491(b) because the "definitions of 'procurement' and of 'procure' signify the act of obtaining or acquiring something, in the context of acquiring goods or services. It strains the ordinary meaning of 'procurement' to extend that definition to encompass a situation in which it is the government that is seeking to lease its own property." *RCG*, 597 F.3d at 1244. While the court associated procurement with the act of acquiring a property or service, the discussion of procurement was limited to the factual circumstances of the case. As the defendants note, "[d]eciding to sell or lease property is the opposite of acquiring property, and so the Federal Circuit properly held that a challenge to the rejection of a bid to lease the Government's property was not 'in connection with a procurement.'" Defs.' Reply, ECF No. 11, at 5.

Given the disparate circumstances and issues presented in *RCG* from the case before the Court, *RCG* provides little support for the plaintiff's argument that insourcing decisions fall outside 28 U.S.C. § 1491(b). The decision by an agency to provide services either by hiring civilian employees in-house, or by contracting with an outside provider is different in kind from the situation in *RCG* where the government was itself the provider of property, which it sought to lease. Indeed, other courts have similarly distinguished *RCG* from cases challenging insourcing decisions. *See, e.g.*, *Vero Technical Support, Inc. v. U.S. Dept. of Defense*, 733 F. Supp. 2d 1336, 1342 (S.D. Fla. 2010) *aff'd* 437 F. App'x. 766 (11th Cir. 2011) (holding that challenges to insourcing decisions were governed by 28 U.S.C. § 1491(b) and stating that *RCG* is "a situation fundamentally different from the one presented here").

As explained above, and as numerous other courts have noted, the terms of 28 U.S.C. § 1491(b) and the definition of 'procurement' in 41 U.S.C. § 111 provide that insourcing decisions are matters connected to procurement of federal contracts. Consequently, the Court of Federal

9

Claims has exclusive jurisdiction over challenges to the government's decision to insource services and thus over this dispute.

### B. There Are No Other Jurisdictional Bases for the Plaintiff's Claims

While the plaintiff maintains that its case is properly before this Court, it has failed to establish any jurisdictional basis for this suit outside 28 U.S.C. § 1491(b). As an initial matter, the plaintiff explicitly disclaims that its case relates to a contractual dispute, stating in its Complaint that it "does not allege a breach of contract, and seeks no contractual relief. No contract claim is alleged." Compl. ¶ 5(A). Indeed, had the plaintiff alleged claims founded on contract, the Court of Federal Claims would have exclusive jurisdiction over the case pursuant to 28 U.S.C. 1491(a), which provides, in relevant part, that the "Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

The plaintiff argues that the Court has jurisdiction over this case pursuant to the APA, but this is incorrect. Although the APA waives sovereign immunity, it does so only to the extent that no other statute "expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Additionally, 5 U.S.C. § 704 states that judicial review of agency actions is only available when "there is no other adequate remedy in a court . . . ." Here, as stated above, 28 U.S.C. 1491(b)(1) permits the plaintiff to challenge the defendants' insourcing decision, and its alleged failure to comply with federal statutes and guidelines, but only before the Court of Federal Claims. The statute does not provide federal district courts with concurrent jurisdiction over such matters, and the plaintiff may not circumvent the statutory scheme established by the Tucker Act by simply citing to the APA. *See*, *e.g.*, *Rothe*, 666 F.3d at 338-39 (rejecting assertion that the APA

conferred jurisdiction to federal district courts to adjudicate challenges to government insourcing decisions); *Vero Technical Support*, 437 F. App'x at 768 (stating that because "the Tucker Act and the [Contracts Disputes Act] vest jurisdiction over certain disputes exclusively with the [Court of Federal Claims], these statutes forbid relief that would otherwise be available under the APA . . . .").

Finally, the plaintiff argues that the APA applies to his claims because he is not an "interested party" under the terms of 28 U.S.C. § 1491(b)(1) and therefore lacks standing to pursue any remedy under that statute. The defendants contend that the plaintiff indeed "may not ultimately satisfy the definition of an 'interested party.' However, if [the plaintiff] has standing in any court, it could only be the Court of Federal Claims." Defs.' Reply, ECF No. 11, at 9. The Court recognizes that the parties have spilled considerable ink over whether the plaintiff is an "interested party" and has standing under the Tucker Act. Nonetheless, the Court need not resolve this issue because the matter is one that is more appropriately addressed by the Court of Federal Claims, which has exclusive jurisdiction to adjudicate the merits of the plaintiff's claims and whether the plaintiff has the ability to pursue them at all.[2]

## IV. CONCLUSION

For the reasons explained above, the defendants' motion to dismiss is GRANTED. An appropriate Order will accompany this Memorandum Opinion.

**DATE: MARCH 19, 2012**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

---

[2] The defendants additionally contend that the plaintiff's claims should be dismissed because they are moot. Defs.' Mem. Supp. Mot. Dismiss, ECF No. 6, at 18-23. The Court need not address this argument because the Court lacks subject matter to adjudicate the plaintiff's claims.

11